```
                                              IN RE
                                              ALVIN E BARROW
                                              1105 COWIN RD
1601214-Trustee-A-Rich
ALLEN C. BROWN                                WILLIAMSTON, NC 27892
PO BOX  1909                                              SSN or Tax I.D.   XXX-XX-6135
ATTORNEY AT LAW
WINTERVILLE, NC 28590




Richard M. Stearns
1015 Conference Dr.
Greenville, NC 27858                          Chapter 13
                                              Case Number:  16-01214-5-JNC
```

                    NOTICE OF AMENDED MOTION FOR CONFIRMATION OF PLAN

Richard M. Stearns, Chapter 13 Trustee  has  filed  papers  with  the  Court to Confirm the
Chapter 13 Plan.

Your rights may be affected.   You should read these papers carefully and discuss them with your attorney,
if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Motion For Confirmation Of Plan, or if you want the court to
consider your views on the motion, then on or before 08/25/2016, you or your attorney must file with
the court, pursuant to Local Rule  9013-1  and  9014-1, a written response, an answer explaining your
position, and a request for hearing at:

                            U.S. Bankruptcy Court
                            PO Box 791
                            Raleigh, NC  27602

If you mail your response to the court for filing, you must mail it early enough so the court will receive
it on or before the date stated above.

You must also mail a copy to debtor(s), debtor(s) attorney and trustee at the following addessses:

```
Debtor(s):                  Attorney:                       Trustee:
ALVIN E BARROW              ALLEN C. BROWN                  Richard M. Stearns
1105 COWIN RD               PO BOX  1909                    1015 Conference Dr.
WILLIAMSTON, NC 27892       ATTORNEY AT LAW                 Greenville, NC 27858
                            WINTERVILLE, NC 28590
```

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will
be conducted  on  the motion at a date, time  and  place to  be later  set and all parties will be notified
accordingly.

If you or your attorney do not take these steps, the court may  decide  that  you do not oppose the relief
sought in the motion or objection and may enter an order granting that relief.

```
Date: July 25, 2016                           Richard M. Stearns
                                              Chapter 13 Trustee
                                              1015 Conference Dr.
                                              Greenville, NC 27858
```

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:                                  CASE NUMBER: 16-01214-5-JNC

ALVIN E BARROW

CHAPTER 13

DEBTOR(S)

AMENDMENT #1  MINUTES OF 341 MEETING AND
MOTION FOR CONFIRMATION OF PLAN

    NOW COMES the Trustee in the above referenced Chapter 13 case moving the Court for an Order confirming the Plan in the case and, in support, of said Motion, says unto the Court:

1. That the debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. § 341 and submitted to an examination under oath by the Trustee on April 5, 2016, or has supplied answers to written interrogatories;

2. The debtor(s) has/have complied with all requirements of 11 U.S.C. §521 (a) (1) (B) and Interim Bankruptcy Rules 1007 and 4002 (b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521 (i);

3. That there are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4. That the Trustee has reviewed the schedules and relative information in the debtor(s) petition and has made a determination of the disposable income for the debtor(s) in this case. The calculation of disposable income impacts on what, if any, dividend will be received by unsecured creditors. The debtor(s) plan provides for payments of:

    $1315.00 PER MONTH FOR 60 MONTHS.

5. That the liens of creditors which will not be paid in full during the term of the Plan or which are to be paid directly by the debtor(s) are not affected by the confirmation of this Plan;

6. Generally, and subject to orders entered hereafter by the Court, any proof of claim that is not filed on or before July 5, 2016 ("Bar Date") shall be disallowed. Claims of governmental units, proofs of which are not filed before September 6, 2016 ("Government Bar Date") shall be disallowed;

7. That the claims of secured creditors shall be paid as secured to the extent of the claim or to the extent of the value of the collateral as set out below:

    a. Claims to be paid directly by the Debtor:

    <u>Creditor</u>                  <u>Collateral</u>               <u>Repayment Rate/Term</u>

NONE

b. Continuing Long Term Debts to be paid by the Trustee:

**IF A PROOF OF CLAIM IS TIMELY FILED** the claim is to be paid on a monthly basis according to the terms of the contract effective the first month after confirmation.  Arrearages, if any, to be paid over the life of the plan.  Two post-petition contractual payments shall be included in the arrearage claim.  **The Debtor is to resume direct payments upon completion of plan payments. (SEE PARAGRAPH 8 BELOW)**
.

| Creditor | Collateral |
|---|---|
| #802 HOME OPPORTUNITY, LLC | MORTGAGE |

c. Claims paid to extent of claims as filed (no cramdown):

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| #011 CAPITOL CREDIT COMPANY | 2010 TOYOTA TACOMA | $10,889.23; TO BE PAID OVER THE TERM OF THE PLAN @ **5.50% INTEREST.** |

d. Claims paid to extent of value:

| Creditor | Collateral | Present Value | Repayment Rate/Term |
|---|---|---|---|

NONE

e. Claims to be avoided by the debtor:

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| #012 LANSING BUILDING PRODUCTS | JUDGMENT<br><br>13CVD629 | **TO BE PAID DIRECT *INCLUDING ARREARS UNTIL AVOIDED*.** |

Pursuant to Local Rule 3070-1(b) some secured creditors may be entitled to pre-confirmation adequate protection payments.

8. **LONG TERM RESIDENTIAL MORTGAGE CLAIMS** shall be paid in a manner consistent with Local Rule 3070-2.

9. That the following creditors have filed secured proofs of claims but, due to the value placed on the collateral, the claims will be treated as unsecured and paid along with other unsecured claims. With respect to claims listed below for which the terms of repayment are listed as: "Abandon," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of §362(a) and the automatic co-debtor stay of §1301 shall thereupon be lifted and modified with respect to such property "for cause" under §362(a)(1), as allowed by Local Rule 4001-1(b):

    NONE

    Reference herein to "Direct" or "Outside" or similar language regarding the payment of a claim under this plan means that the debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties of the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief;

10. That the treatment of claims indicated in paragraphs 7, 8 and 9 above, are based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;

11. That the following executory contracts and unexpired leases shall be either assumed or rejected as indicated below:

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|
| NONE | | |

12. That priority claims shall be paid in full over the term of the Plan;

13. That confirmation of this Plan will be without prejudice to pending Motions For Relief From the Automatic Stay and will be without prejudice to objections to claims and avoidance actions;

14. That confirmation of the Plan vests all property of the estate in the debtor(s);

15. That the attorney for the debtor(s) is requesting fees in the amount of $4,000.00. The Trustee recommends to the Court a fee of $4,000.00. If the recommended fee is different from that requested an explanation can be found in Exhibit 'A'.

16. Other Provisions:   NONE

                                                                              RICHARD M. STEARNS

                                                                              _____

                                                                              Standing Chapter 13 Trustee

EXHIBIT A

**DEBTOR(S):**      ALVIN BARROW              **CASE NUMBER:**      16-01214-5-JNC

**EMPLOYMENT:**
Debtor:   SELF EMPLOYED GUTTER HANGER         Combined Gross Income:             $3,855.00
Spouse:   UNEMPLOYED                          Net Projected Disposable Income:   $2,664.00

**REAL PROPERTY**:
☒ Attached Building & Land  ☐ Mobile Home and Land  ☐ Land Only  ☐ Mobile Home Only
Description:         RESIDENCE @ 1105 COWIN RD.
Scheduled Value:     $75,000.00
Tax Value:           $106,440.00
Exemption:           $26,329.55

☐ Attached Building & Land  ☐ Mobile Home and Land  ☐ Land Only  ☐ Mobile Home Only
Description:
Scheduled Value:
Tax Value:
Exemption:

**PERSONAL PROPERTY**:
Total Value Scheduled:    $19,750.31
Fair Market Value:        $22,225.31
Comments:

**ATTORNEY FEES**
Total Requested Fee (Excluding Filing Fee):                               $4,000.00
Trustee Recommended Fee (Including Fees Paid to Attorney Pre-Petition):   $4,000.00
Total Paid to Date (Excluding Filing Fee):                                  $165.00
Balance to be Paid through the Plan:                                      $3,835.00
Comments:

**PLAN INFORMATION**:
Total Debts as of Date of Motion for Confirmation:                       $94,246.27
         Secured:            $52,391.99
         Priority:            $4,562.32
         General Unsecured:  $37,291.96
Gross Amount to be Paid by Debtor(s):                                    $78,900.00
Administrative Allowance (Including Debtor(s) Attorney Fees):            $10,147.00
Net Available to Pay Debts:                                              $68,753.00

**OTHER COMMENTS:**

# CERTIFICATE OF MAILING

0014

| | | | |
|---|---|---|---|
| CASE: 1601214 | TRUSTEE: 54 | COURT: 278 | Page 1 of 2 |
| TASK: 07-22-2016.00822680.LSA001 | | DATED: 07/25/2016 | |

| | | | |
|---|---|---|---|
| Court | | Served Electronically | |
| Trustee | | Richard M. Stearns | 1015 Conference Dr.<br>Greenville, NC 27858 |
| Debtor | | ALVIN E BARROW | 1105 COWIN RD<br>WILLIAMSTON, NC 27892 |
| 799 | 000002 | ALLEN C. BROWN<br>ATTORNEY AT LAW | PO BOX 1909<br>WINTERVILLE, NC 28590 |
| IRS | 000005 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY | P.O. BOX 7317<br>PHILADELPHIA, PA 19101-7317 |
| 014 | 000026 | INTERNAL REVENUE SERVICE | PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 |
| 014 | 000014 | INTERNAL REVENUE SERVICE | PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 |
| ATYGEN | 000003 | The Honorable Loretta Lynch<br>950 Pennsylvania Ave. NW | U.S. Department of Justice<br>Washington, DC 20530 |
| USATTY | 000007 | US ATTORNEY<br>310 NEW BERN AVE, FEDERAL BLDG | ATTENTION: BANK OFFICER, STE 800<br>RALEIGH, NC 27601-1461 |
| NCREV | 000006 | NC DEPT. OF REVENUE<br>PO BOX 1168 | BANKRUPTCY UNIT<br>RALEIGH, NC 27602-1168 |
| 013 | 000013 | NODELL, GLASS & HASKELL | 5540 CENTERVIEW DR STE 416<br>RALEIGH, NC 27606 |
| ESC | 000004 | EMPLOYMENT SECURITY COMMISSION<br>CHAPTER 13 BANKRUPTCY | PO BOX 26504<br>RALEIGH, NC 27611 |
| 011 | 000011 | CAPITOL CREDIT COMPANY | 3007 S. MEMORIAL DRIVE<br>GREENVILLE, NC 27834 |
| 020 | 000020 | SCA COLLECTIONS | PO BOX 876<br>GREENVILLE, NC 27834-0876 |
| 021 | 000021 | SCA COLLECTIONS | PO BOX 876<br>GREENVILLE, NC 27834-0876 |
| 016 | 000016 | GREENVILLE FINANCE | 3101 S. MEMORIAL DR.<br>GREENVILLE, NC 27835 |
| 025 | 000025 | WILLIAM F. HILL, ATTORNEY AT LAW<br>CHAPTER 13 BANKRUPTCY | PO BOX 2517<br>GREENVILLE, NC 27836 |
| 015 | 000015 | MARTIN COUNTY TAX COLLECTOR<br>CHAPTER 13 RECOVERY | PO BOX 664<br>WILLIAMSTON, NC 27892 |
| 022 | 000022 | TIME FINANCE COMPANY<br>BANKRUPTCY DEPARTMENT | 817 EAST BOULEVARD STREET<br>WILLIAMSTON, NC 27892-0000 |
| 012 | 000012 | LANSING BUILDING PRODUCTS | 1054 HARVEY POINT RD<br>HERTFORD, NC 27944 |
| 017 | 000017 | PMAB, LLC | 4135 SOUTHSTREAM BLVD, STE 400<br>CHARLOTTE, NC 28217 |
| 018 | 000018 | PMAB, LLC | 4135 SOUTHSTREAM BLVD, STE 400<br>CHARLOTTE, NC 28217 |
| 029 | 000030 | STATEBRIDGE COMPANY, LLC<br>POST OFFICE BOX 2505 | C/O S. TROY STALEY BNKRPTCY DEPT<br>FAYETTEVILLE, NC 28302 |
| 023 | 000023 | UNITED TRANZACTIONS | 2811 CORPORATE WAY<br>HOLLYWOOD, FL 33025 |
| 019 | 000019 | PROFESSIONAL ACCOUNT | PO BOX 188<br>BETHPAGE, TN 37022 |

CASE: 1601214       TRUSTEE: 54         COURT: 278
TASK: 07-22-2016.00822680.LSA001        DATED:  07/25/2016

| | | | |
|---|---|---|---|
| 027 | 000028 | WILLIAMSTON HBP SERVICS LLC<br>PO BOX 188 | C/O PASI<br>BRENTWOOD, TN 37024 |
| 028 | 000029 | WILLIAMSTON HBP SERVICS LLC<br>PO BOX 188 | C/O PASI<br>BRENTWOOD, TN 37024 |
| 026 | 000027 | MARTIN GENERAL HOSPITAL<br>PO BOX 188 | C/O PASI<br>NASHVILLE, TN 37086 |
| 800 | 000008 | HOME OPPORTUNITY, LLC<br>5680 GREENWOOD PLAZA BLVD STE 100S | STATEBRIDGE COMPANY, LLC<br>DENVER, CO 80111 |
| 801 | 000009 | HOME OPPORTUNITY, LLC<br>5680 GREENWOOD PLAZA BLVD STE 100S | STATEBRIDGE COMPANY, LLC<br>DENVER, CO 80111 |
| 802 | 000010 | HOME OPPORTUNITY, LLC<br>5680 GREENWOOD PLAZA BLVD STE 100S | STATEBRIDGE COMPANY, LLC<br>DENVER, CO 80111 |
| 024 | 000024 | WESTLAKE FINANCIAL<br>CHAPTER 13 BANKRUPTCY | 4751 WISHIRE BLVD<br>LOS ANGELES, CA 90010 |

32 NOTICES

THE ABOVE REFERENCED NOTICE WAS MAILED TO EACH OF THE ABOVE ON 07/25/2016.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON   07/25/2016   BY  /S/EPIQ Systems, Inc.

*CM - Indicates notice served via Certified Mail